A. T. COLEMAN, *Plaintiff in Error*, v. CARL O'NEAL, *et al.*, *Defendants in Error.*

En Banc.

Opinion Filed October 31, 1925.

1. Irregular conduct on the part of the inspectors and clerks of an election in the matter of leaving the ballot box in a bank building during the noon hour, or in the custody of some responsible person, or in a safe place over night, pending the counting of ballots cast, in the absence of fraud, illegal voting, or unauthorized tampering with the ballots cast, while not to be condoned, will not be sufficient to invalidate the election and disfranchise the voters of the precinct where such irregularities occurred.

A Writ of Error to the Circuit Court for Sumter County; J. C. B. Koonce, Judge.

Judgment affirmed.

*H. M. Hampton,* for Plaintiff in Error;

No appearance for Defendants in Error.

PER CURIAM.—This is a primary election contest. The plaintiff in error, Coleman, and the defendant in error, O'Neal, were candidates for nomination to the office of Sheriff of the county. Upon a canvass of the returns it appeared that O'Neal had seven hundred and fifty-three votes, first and second choice, and Coleman had six hundred and sixty-five votes, first and second choice. There were other candidates, which required the counting of the second choice votes.

· Coleman contested the election, alleging irregularities in precinct number six. It was alleged that the person who was appointed clerk did not serve, and another volunteered to serve in his place, but he was not elected by the qualified electors present. That the inspectors and clerk who served at that precinct did not take the oath required by law until the election was over. That on the day of election between twelve and one o'clock, they adjourned for a short time, about thirty minutes, during which time the ballot box was not kept in the possession of or in the view of two of the inspectors, but the box was carried away and left in the "building of the Bank of Webster." That after the election the inspectors did not then proceed to open the box and count the ballots, but they stored it away out of sight of the public; then each officer and clerk went away for supper, and in about an hour returned, subscribed to the oath, opened the ballot box and counted about one hundred of the ballots. They then adjourned to the following day, having "again stored the ballot box away." That the adjournment lasted from 11 o'clock P. M. on June 3rd,

until 9 o'clock A. M. June 4th. During that time the box was not kept in the possession or view of either of the inspectors or clerk. That convening at 9 o'clock on June 4th, the inspectors continued the counting of ballots, adjourned at 12 o'clock, repeated their performance about the ballot box, and returned about 1 o'clock and concluded the canvass of the ballots.

It is insisted that the returns from that precinct should not be counted. If the returns should not be counted Coleman would have six hundred and thirteen first and second choice votes, and O'Neal, five hundred and ten.

O'Neal answered incorporating a demurrer to the petition. The Court sustained the demurrer and Coleman took a writ of error to the order dismissing the petition.

There was no allegation of fraud nor illegal voting; nor any allegation that the ballot box had been handled by any other person than the officers, nor that ballots had been removed therefrom, and others substituted.

While the conduct of the inspectors and clerk of the election at that precinct was very irregular, and by no means should be condoned, showing, as it did, a lack of due appreciation of the responsibility assumed by them, and a careless disregard of their duties almost to the degree of a breach of trust, yet we are not prepared to say that in the absence of any violation of the voters' rights in that precinct to a full and fair expression of their choice that they should all be practically disfranchised so far as the choice for the office of Sheriff was concerned. See 16 Fla. 17.

As the provisions of the statute do not expressly invalidate an election held under the conditions recited in the petition the votes of the electors should not be invalidated by sacrificing the substance to the form. 9 R. C. L. 1094.

The judgment of the court is affirmed.

WEST, C. J., AND WHITFIELD, STRUM AND BROWN, J. J., concur.

TERRELL, J., disqualified.